UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL GUZMAN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:20–cv–0468–KJN<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR FEES UNDER THE EAJA<br><br>(ECF Nos. 22, 26) |

Plaintiff Juan Guzman, Jr., commenced this social security action on March 2, 2020. (ECF No. 1.) After plaintiff moved for summary judgment, the parties stipulated to voluntarily remand for further proceedings. (ECF Nos. 16, 19.) On February 3, 2021, the court ordered the stipulated relief—granting plaintiff's motion for summary judgment and remanding the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g)—and entered judgment for plaintiff. (ECF Nos. 20, 21.)

Presently pending before the court are plaintiff's motion and supplemental motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA").[1] (ECF Nos. 22. 26.) The Commissioner filed an opposition to the original motion, and plaintiff filed a reply. (ECF Nos. 24, 25.) After carefully considering the parties' briefing, the court's record, and the

---

[1] This matter is before the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(15). All parties consented to magistrate judge jurisdiction. (ECF Nos. 7, 8.)

1

applicable law, the court GRANTS plaintiff's motions for EAJA fees.

"The EAJA provides for the award of attorney's fees to a party that prevails against the United States in a proceeding for review of an agency action, unless the court finds 'that the position of the United States was substantially justified or that special circumstances make an award unjust.'" Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012) (quoting 28 U.S.C. § 2412(d)(1)(A)).

Here, plaintiff seeks attorneys' fees for 38 hours spent in prosecution of the action at $205.59 per hour and 2.75 hours spent on the opposed application for EAJA fees at $207.78 per hour, for a total of $8,383.93.[2] (ECF Nos. 22-23, 25-26.) The Commissioner does not dispute that plaintiff is a prevailing party, presumably because he successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). Nor does the Commissioner defend as substantially justified his original litigation position, having conceded—after plaintiff's summary judgment briefing—that agency remand was warranted. (ECF No. 24 at 2.) Rather, the Commissioner argues that the fee requested is unreasonable and urges (1) a 10% blanket reduction in fees due to "the routine nature of the issues raised in this case and counsel's experience," plus (2) certain specific reductions to eliminate fees for 1.05 hours that he argues was spent on "clerical tasks." (Id. at 2, 5.) Overall, the Commissioner advocates a reduction of about $1,000 for fees related to the case's main prosecution, and in his opposition, the Commissioner preemptively opposes an award of fees for time spent on any reply brief plaintiff might (and ultimately did) file in support of the EAJA application. (Id. at 6.)

Given the absence of substantial justification or other special circumstances making an award of EAJA fees unjust, plaintiff is entitled to an award of fees pursuant to the EAJA. See 28 U.S.C. § 2412(d)(1)(A). The only question is how much the award should be.

---

[2] Plaintiff's April 22, 2021 application for EAJA fees is timely, because it was filed within 30 days of the court's February 3, 2021 judgment becoming final and non-appealable. See 28 U.S.C. §§ 2412(d)(1)(B) (EAJA application due "within thirty days of final judgment"), 2412(d)(2)(G) ("'final judgment' means a judgment that is final and not appealable . . . ."); Fed. R. App. P. 4(a)(1)(B) (60 days to file notice of appeal if one of the parties is the United States or a United States agency, officer, or employee sued in official capacity).

2

The EAJA directs the court to award a "reasonable" fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).

**A. Hourly Rate**

The Commissioner does not challenge plaintiff's counsel's hourly rates, which are at or below the applicable $207.78 maximum hourly rate for EAJA fees published on the Ninth Circuit's website. See 28 U.S.C. § 2412(d)(2)(A); Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6. Plaintiff's counsel unexplainedly uses two different rates for calculating his fees, although all of his work on this case took place in 2020 and 2021, which currently share the same $207.78 maximum hourly rate. The billing record counsel submits in support of his application for fees related to the main prosecution confusingly shows an hourly rate of $207.78 for each itemized billing entry, but then calculates the total billable amount ($7,812.54) based on an hourly rate of $205.59, or more precisely (judging by the math) $205.5931 per hour. (ECF No. 23.2.) As counsel's request for $7,812.54 in fees for the main prosecution of the action is based on the $205.5931 hourly rate (ECF Nos. 22 at 1 & 23.2 at 3), the court makes its award for that portion based on that rate. The billing record submitted in support of the application for fees related to the instant EAJA fee litigation consistently uses an hourly rate of $207.78. The court therefore applies the $205.5931 hourly rate to time expended on the main prosecution of plaintiff's case, and the $207.78 hourly rate to time spent on the fee litigation—and finds both reasonable.

**B. Hours Expended**

The Commissioner argues, first, for a 10% blanket reduction of the $7,812.54 fees sought for the main prosecution, due to the "routine" nature of the case and counsel's "extensive experience" in litigating social security cases. (ECF No. 24 at 3-4.) Specifically, the Commissioner challenges a billing entry for 5.2 hours that he claims were spent on "legal research," despite the issues raised being very common social security issues; and he argues that

3

the 33.9 hours spent on the summary judgment brief overall "seems particularly excessive" considering counsel's experience. (Id.) These are the only arguments asserted in support of the Commissioner's requested 10% reduction, and they are unpersuasive.

The undersigned rejected precisely the same routine-case-with-experienced-counsel argument in Hicks v. Comm'r of Soc. Sec., 2019 WL 2537953, at *2-3 (E.D. Cal. June 20, 2019), report and recommendation adopted, 2019 WL 3530386 (E.D. Cal. Aug. 2, 2019). As explained there, "the expertise of plaintiff's counsel does not make the hours expended unreasonable. Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." Id. at *2 (quoting Patterson v. Apfel, 99 F. Supp. 2d 1212, 1213 (C.D. Cal. 2000)). Plaintiff's counsel dutifully broke out the 33-plus hours spent preparing and drafting the summary judgment motion. Of those hours, at least 20 were spent reviewing and summarizing the more than 800 pages of medical and treatment records in the administrative transcript, which was just shy of 2,000 pages overall. (ECF No. 23.2 at 2.) Although the summary judgment brief was not terribly long, at 18 pages, it was "detailed and thorough" and persuasive enough to convince the Commissioner to offer to voluntarily remand the case. (See ECF No. 16 (MSJ); ECF No. 23.2 at 3 (referencing defendant's offer for voluntary remand).) Hicks, 2019 WL 2537953, at *2 (rejecting Commissioner's assertion that counsel's experience justified a fee reduction in fact-intensive social security action). Federal courts 'routinely' reject the "routine" social security case argument in EAJA fee disputes. See Costa, 690 F.3d at 1134 n.1 ("[T]he term 'routine' is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence."). And the fact that counsel did not represent plaintiff at the administrative level further justifies the admittedly large number of hours spent reviewing the record and preparing the motion. See Kirk v. Berryhill, 244 F. Supp. 3d 1077, 1083 (E.D. Cal. 2017) (reasoning that more-than-average number of hours on merits briefing was explained by new counsel needing to become familiar with the case's 1,071-page administrative transcript containing 700-plus pages of medical records). Simply put, the Commissioner's conclusory opinion regarding the difficulty of the case

and plaintiff's counsel's experience level fails to demonstrate that plaintiff's fee request is unreasonable. See Hicks, 2019 WL 2537953, at *3 ("Fundamentally, '[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.'" (quoting Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992))).

As to the contested 5.2 hours supposedly spent purely on "legal research" (ECF No. 24 at 3), plaintiff's counsel's billing record shows this time was actually recorded for "Draft[ing] plaintiff's motion for summary judgment; associated legal and medical research in connection with same." (ECF No. 23.2 at 2.) The Commissioner's mischaracterization of the billing record does not persuade the court that plaintiff's counsel spent his time unreasonably.

The Commissioner's second argument to reduce the requested fees is that plaintiff's counsel impermissibly seeks EAJA fees for 1.05 hours of time purportedly spent on what the Commissioner describes as "clerical tasks." (ECF No. 24 at 4-5.) The Commissioner identifies six billing entries that supposedly count time that is not compensable under the EAJA, and he argues for a reduction of $218.17 on this basis. (Id. at 5.) Because most of the contested billing entries include work typically attributable to an attorney, the court declines to order this requested deduction.

"Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Hensley, 461 U.S.at 434 (cleaned up). And the Commissioner is correct as a matter of law that plaintiff cannot seek reimbursement at an attorney rate for purely clerical tasks. See Neil v. Comm'r of Soc. Sec., 495 F. App'x 845, 847 (9th Cir. 2012). However, for the most part, the contested entries the Commissioner identifies are not purely clerical tasks. Half of the contested entries relate to counsel's correspondence with his client, which the undersigned does not view as clerical in nature. See Shah v. Comm'r of Soc. Sec., No. 2:19-CV-01184-KJN, 2020 WL 5891576, at *3 (E.D. Cal. Oct. 5, 2020). (ECF No. 23.2, entries dated 3/2/20, 8/24/20, 12/18/20.) The detailed billing descriptions do not support the Commissioner's characterization that counsel was simply "forwarding documents to

Plaintiff." (ECF No. 24 at 5.) The one entry that refers to "forward[ing]" a document does so in claiming 0.2 hours to review the court's final judgment, to send it to the plaintiff and the administrative attorney, and to e-mail the administrative attorney about issues on remand when handing off the case. (ECF No. 23.2, entry dated 2/3/21.) This does not describe a clerical task. Nor, for the most part, does the billing entry for 0.3 hours to receive the Commissioner's appearance and magistrate judge consent, review the court's scheduling order and COVID-related stay order, research stays, and leave a voicemail for the plaintiff. (Id., entry dated 6/22/20.) See Shah, 2020 WL 5891576, at *3 (declining to deduct from challenged entries that included review of substantive documents, including scheduling order).

   The court could deduct fractions of fractions of billable hours for some of the tasks described in plaintiff's counsel's billing record. For instance, one of the six tasks identified by the Commissioner includes a non-attorney component: counsel's request for $10.39 for 0.05 hours spent preparing "plaintiff's magistrate consent form to file." (Id., entry dated 6/24/20.) See Kirk, 244 F. Supp. 3d at 1084 (completing and filing magistrate judge consent form "could have been completed by experienced support staff"). In independently reviewing the billing record, the court identifies another such task, which the Commissioner neglects: counsel's request for $10.39 for 0.05 hours spent preparing the social security complaint. (ECF No. 23.2, entry dated 3/2/20.) See Kirk, 244 F. Supp. 3d at 1084 & n.3 (drafting and filing complaint, which is boilerplate in social security cases, could be done by non-lawyer). And one of the entries addressed above includes time spent preparing plaintiff's IFP application, which could likewise be performed by an experienced assistant. (ECF No. 23.2, entry dated 3/2/20.) See Reyna v. Astrue, 2011 WL 6100609, at * 2 (E.D. Cal. Dec. 6, 2011).

   However, even documents that can be prepared by support staff will require attorney review before filing; and in this case, the court declines to spend further judicial resources dividing the already appropriately minimal 0.05 hours (3 minutes) recorded for tasks like the complaint and consent filings to reflect only the time spent on "review" of those documents. Cf. Kirk, 244 F. Supp. 3d at 1084 (reducing 2.5 hours claimed for clerical tasks to 1.5 hours because "counsel would necessarily spend time reviewing such documents before their submission"). For

the two challenged entries that describe both clerical tasks and attorney-attributable work, the court also opts not to carve out the fractions of time spent preparing (as opposed to reviewing) the IFP application and receiving the Commissioner's notice of appearance and magistrate judge consent from the otherwise entirely appropriate requests for 0.3 hours of fees for reviewing the court's orders and communicating with the plaintiff. (See ECF No. 23.2, entries dated 3/2/20 & 6/22/20.) The court finds the time spent by plaintiff's counsel to be reasonable and thus overrules the Commissioner's objections.

**C. Results Obtained**

Finally, given that plaintiff obtained a favorable judgment remanding the case for further administrative proceedings, the court concludes that the requested amount of fees is consistent with the result obtained. See Hensley, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

Therefore, the court awards plaintiff EAJA attorneys' fees in the amount of $8,383.93 ($7812.54 (38 hours x $205.5931/hr) + $571.39 (2.75 hours x $207.78/hr) = $8,383.93). This includes the amount requested in counsel's supplemental EAJA fee motion (ECF No. 26-26.2) for time spent litigating the fee dispute, that is: bringing the EAJA motion, reviewing the Commissioner's opposition, and drafting plaintiff's reply. The court finds the time expended replying to the Commissioner's opposition to be reasonable, and rejects the Commissioner's invitation to deny counsel any fee for the reply brief. See Atkins v. Apfel, 154 F.3d 986, 989 (9th Cir. 1998) (under EAJA, reasonable time spent litigating fees is compensable); Garcia v. Colvin, 2013 WL 5347494, at *6 (E.D. Cal. Sept. 23, 2013) (finding "no reason to reduce the time expended by Plaintiff's counsel in reviewing the Commissioner's opposition and drafting a reply brief").

The court notes that plaintiff executed an assignment of EAJA fees to plaintiff's counsel. (ECF No. 23.1.) However, the EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, 560 U.S. 586 (2010). Nevertheless, if the government determines

///

///

7

that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion and supplemental motion for attorneys' fees under the EAJA (ECF Nos. 22, 26) are GRANTED; and

2. Plaintiff is awarded attorneys' fees in the total amount of $8,383.93 pursuant to the EAJA. If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

Dated: June 21, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

guzm.0468